Shauck, J.
The petition distinctly alleges that at the date named the plaintiff delivered merchandise to the defendant for carriage by it to Mobile; its acceptance for that purpose by the carrier; its undertaking to deliver the merchandise at Mobile within a reasonable time and the circumstances from which the law would infer that undertaking, a breach of its obligation by the carrier and the general damages resulting from such breach, being the decline in the market value of the merchandise between the date when the contract required it to be delivered and that of its actual delivery.
We are not favored with the opinion of either of the courts below, and we assume that the brief of counsel for the defendant presents the view which conducted them to the conclusion that the petition does not state a cause of action. That view is an elaboration, partly correct and partly erroneous, of the doctrine of Hadley v. Baxendale, 9 Exch., 341. That case is of admitted authority in this state, as frdm the clearness and force of its reasoning it deserves to be. It was there *298 decided that the profits o£ a business, whose prosecution was suspended by the failure of the carrier to deliver a shaft within a reasonable time, could not be recovered because it could not be reasonably supposed that they were in contemplation of the parties at the time of making' the contract of carriage as the probable result of the breach of it. It was not decided, as it has been by the courts below in the present case, that general damages may not be recovered for such breach. That the loss incurred by the plaintiff, according to the allegations of the petition may be recovered as general damages, is held in Railroad Co. v. O’Donnell, 49 Ohio St., 489. To say that it may not be is to deny the legal character of the carrier’s obligation.

Judgments reversed.

Spear, C. J., Davis, Price, Johnson and Donai-iue, JJ., concur.